IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROY L. PERRY-BEY, )
    Plaintiff, )
)
v. ) CIVIL NO. 3:12cv704(REP)
)
COMMONWEALTH OF VIRGINIA, *et al.*, )
    Defendants. )
                                   )

## REPORT AND RECOMMENDATION

Plaintiff was convicted of aggravated sexual battery in 1993. In 1997, the Virginia General Assembly amended the Code of Virginia to define aggravated sexual battery as a "sexually violent offense." Pursuant to the amendment, Plaintiff must register as a sex offender for the remainder of his life. Plaintiff, proceeding *pro se*, initiated this suit under 42 U.S.C. § 1983 against the Commonwealth of Virginia ("Commonwealth"), Kenneth T. Cuccinelli II ("Cuccinelli") in his official capacity as Attorney General of Virginia and Col. W. Steven Flaherty ("Flaherty") in his official capacity as Virginia State Police Superintendent (collectively "Defendants"), alleging that the new registration requirement violates his constitutional rights under the United States and Virginia constitutions.

This matter is now before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion and Notice for Injunctive Relief and To Stay *Ex Post Facto* and Sex Offender Re-Registration (ECF Nos. 3-4) and Defendants' Motion to Dismiss (ECF No. 9), in which Defendants move to dismiss the Complaint for lack of subject matter jurisdiction, failure to state a claim and under the doctrine of *res judicata*. For the reasons set forth herein, it is the Court's recommendation that Defendants' Motion to Dismiss be

GRANTED and Plaintiff's Motion for Injunctive Relief and to Stay *Ex Post Facto* and Sex Offender Re-Registration be DENIED as moot.

I. BACKGROUND

The Court construes factual allegations in favor of the non-moving party, as required when resolving a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004) (citations omitted). Viewed through this lens, the Court considers the facts as follows.

In 1993, Plaintiff was convicted of aggravated sexual battery under Va. Code § 18.2-67.3. (Complaint[1] "Compl." (ECF No. 1) at ¶ 1.) The conditions of Plaintiff's parole required that Plaintiff register as a sex offender for ten years following his 1996 release from prison. (Compl. at ¶ 1.) However, a revised statute, Code of Virginia § 9.1-902, now requires Plaintiff to register as a violent sex offender for the remainder of his life. (Compl. at ¶ 2.) Plaintiff alleges that, based on doctor reports, he is not "a stalking child rapist," nor a pedophile. (Compl. at ¶ 6.)

Plaintiff alleges a variety of constitutional violations against Defendants. Specifically, Plaintiff brings this suit under § 1983, arguing that the retroactive classification as a violent sex offender violates the United States and Virginia constitutions' prohibitions against *ex post facto* laws, his rights to due process and equal protection under the Fourteenth Amendment, his rights against cruel and unusual punishment and his Fourth Amendment rights. (Compl. at ¶ 3.) Plaintiff seeks injunctive relief and moves to stay re-registration with the Commonwealth's sex offender registry. Defendants move to dismiss the claims against the Commonwealth and Cuccinelli for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)

---

[1] Plaintiff moves to amend the Complaint to replace page 2 (ECF No. 13). Because the motion is unopposed, the Court recommends that the motion be GRANTED. The Court adopts Plaintiff's Motion for Leave to Replace Page 2 Exhibit 1 as Page 2 of the Complaint.

2

and the remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants also argue that *res judicata* bars the claims.

## II. STANDARD OF REVIEW

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Alternatively, if the defendant argues that the jurisdictional facts in the complaint are untrue, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219. Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In either case, the plaintiff bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)). To that end, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). "Pleadings must be construed to do justice." Fed. R. Civ. P. 8(d). At the same time, courts recognize that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (Posner, J.) (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)).

### III. JUSTICABILITY

As an initial matter, the Court addresses Plaintiff's standing and the ripeness of his claims. After Defendants filed their brief in support of their motion to dismiss, the Fourth Circuit issued an opinion regarding a sex offender's standing to bring a claim challenging the constitutionality of the Code of Virginia § 9.1-900 and the ripeness of her claim. *Doe v. Va. Dep't of State Police*, __F.3d__, 2013 WL 1496937 (4th Cir. Apr. 12, 2013). In *Va. Dep't of*

4

*State Police*, a registered sex offender alleged that she was injured by the statute's recaterogization that deemed her a violent sex offender, because it limited her access to schools and churches. 2013 WL 1496937 at *4-8. The Fourth Circuit found that she lacked standing to bring most of her claims and that the issues were not ripe, because her injury was not concrete and she had not petitioned the circuit court for permission to enter such facilities. *Id.* at *8.

Unlike the plaintiff in *Virginia Department of State Police, id.*, at *4-8, where the plaintiff's alleged injuries were uncertain, Plaintiff here has standing to bring a claim and the claims are ripe for decision. Plaintiff alleges that he has been reclassified as a violent sex offender under the Code of Virginia § 9.1-902 and was required to register on or before August 25, 2012. (Compl. at ¶¶ 1, 6.) Further, Plaintiff maintains that the law disallows him the opportunity to petition the court for relief from registration. (Compl. at ¶ 6.) To have standing, Plaintiff bears the burden of showing that "(1) [h]e suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Va. Dep't of State Police*, 2013 WL 1496937 at * 7 (citing *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006)). Because Plaintiff alleges that he has already been placed on the registration without the procedural safeguards to challenge the reclassification, Plaintiff has alleged a concrete injury that properly invokes a court's jurisdiction. *Id.* at *5. Plaintiff also meets the traceability and redressability prongs of the analysis as the "injury is directly traceable to [the law]" and if the Court were to find the law unconstitutional, the alleged injury would be remedied. *Id.* at *7. Therefore, the Court finds Plaintiff has standing to bring the claims.

Speculative claims where the injury has not yet been suffered should be dismissed as unripe. *Gasner v. Bd. of Supervisors*, 103 F.3d 351, 361 (4th Cir. 1996). "A case is fit for

5

judicial decision when the issues are purely legal and when the action in controversy is final." *Miller*, 462 F.3d at 319. Because the injury has already occurred, as Plaintiff has been reclassified and ordered to register as a violent sex offender under § 9.1-902, Plaintiff's claims are ripe. *Va. Dep't of State Police*, 2013 WL 1496937 at * 8. Finding that Plaintiff has standing and the issues are ripe, the Court moves to the merits of the claims.

## IV. *RES JUDICATA*

Defendants argues that *res judicata* precludes Plaintiff's claim against Defendant Flaherty on the basis that Plaintiff brought a suit in 2004 against two Virginia State Police employees and other state employees alleging that those defendants violated his rights for prosecuting him for failing to register as a violent sex offender. (Defs. Mem. in Supp. of Mot. to Dis. "Defs. Mem." (ECF No. 10) at 11-14; *Perry-Bey v. Jasinowski* ("*Perry-Bey I*"), 2:04cv59 (E.D. Va. 2004).) "The doctrine of *res judicata* [ ] provides that a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Nash County Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). To prevail on a *res judicata* argument, Defendant must prove "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier suit and the later suit, and (3) an identity of the parties or their privies in the two suits." *Id.*

On September 20, 2005, United States District Judge Walter D. Kelley, Jr., adopted the Report and Recommendation of United States Magistrate Judge James E. Bradberry, which dismissed Plaintiff's case under Federal Rule of Civil Procedure 12(b)(6). *Perry-Bey I*, 2:04cv59, (ECF No. 102) (E.D. Va. Sept. 20, 2004). On February 21, 2006, the Fourth Circuit affirmed the district court's dismissal of Plaintiff's case. *Perry-Bey I*, 167 F. App'x 959, 2006

WL 392055 (4th Cir. Feb. 21, 2006). Therefore, the first suit was dismissed on the merits, rendering a final judgment.

To determine whether the cases share an identity of the cause of action, the Fourth Circuit has adopted the transactional approach, which provides that "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)) (internal quotations omitted). In *Perry- Bey I*, Plaintiff alleged that several officers, in their official capacities, violated the *Ex Post Facto* Clause and his Fourth, Eighth and Fourteenth Amendment rights by arresting him for failing to reregister as a sex offender and requiring Plaintiff to register as a sex offender. (*Perry Bey I* Compl. at ¶¶ 1-3.) The court in *Perry- Bey I* determined that the officers did not violate these constitutional rights by requiring Plaintiff to register, because the statute was not unconstitutional. *Perry-Bey I*, 2:04cv59, Report and Recommendation, at *13-14 (ECF No. 100) (E.D. Va. Aug. 28, 2005).

In this case, Plaintiff fails to allege any new amendments to the statute or facts that bring about a new cause of action since the filing of his previous suit. Because Plaintiff's claims stem from the same requirement that Plaintiff reregister as a violent sex offender and such issue was already before the court in *Perry-Bey I*, this cause of action shares the same identity as Plaintiff's previous case.

Regarding the third prong of the analysis, the "'parties or their privies' [requirement] encompass[es] relationships in which a party to the prior action is "so closely aligned with the interests of a non-party as to be his virtual representative." *Wise v. City of Norfolk*, 215 F.3d 1324, 1324 (4th Cir. 2000) (quoting *Klugh v. United States*, 818 F.2d 294, 300 (4th Cir. 1987)).

7

"This principle of virtual representation applies, however, only when the parties in the first suit are accountable to the nonparties who file a subsequent suit, and the party [in the first suit] acting as a virtual representative for a nonparty has at least the tacit approval of the court to do so." *Id.* (quoting *Klugh*, 818 F.2d at 300) (internal quotations omitted).

Here, Defendant Flaherty is being sued in his official capacity as the Superintendent of the Virginia State Police. (Compl. at ¶ 18.) In *Perry-Bey I*, at least one defendant was sued in his official capacity as a member of the Virginia State Police. (*Perry-Bey I* Compl. at ¶ 6.) "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and "the real party in interest in an official capacity suit is the entity, [because] plaintiff can only recover damages from the entity itself." *Andrews w. Daw*, 201 F.3d 521, 525 (4th Cir. 2000). Thus, bringing "a claim against a state official in his [ ] official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the claims against the officers in their official capacity in *Perry-Bey I* are the functional equivalents of claims against the state itself, as are the claims here against Defendant Flaherty. Defendant Flaherty's position as Superintendent of the Virginia State Police, being sued in his official capacity, establishes that he and the officers, sued in their official capacities, in *Perry-Bey I* are the same party or their privies to satisfy the third requirement of the *res judicata* analysis. *See Leftridge v. Matthew*, 2012 WL 1377060, at *11 (D. Md. Apr. 18, 2012) (finding that *res judicata* barred a claim against a deputy and police officers in their official capacities when plaintiff's previous case sued the state police department and a sheriff in his official capacity). Consequently, the doctrine of *res judicata* precludes this action against Defendant Flaherty.

8

For the reasons set forth above, the Court recommends that Plaintiff's causes of action against Defendant Flaherty should be DISMISSED as being barred by the doctrine of *res judicata*.

## V. ANALYSIS

Because Plaintiff meets the standing and ripeness requirements, and even though *res judicata* bars Plaintiff's claims against Defendant Flaherty, the Court moves to the substance of Defendants' Motion to Dismiss.

### A. Subject Matter Jurisdiction

Defendants move to dismiss on the basis that the Eleventh Amendment bars suit against the Commonwealth and Cuccinelli.[2] (Defs. Mem. at 4.) The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

#### 1. Commonwealth of Virginia

The Supreme Court interpreted the Eleventh Amendment to preclude allowing citizens to sue their own state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 20 (1890). "The essence of [Eleventh Amendment] immunity is that the State cannot be sued in federal court at all, even where the claim has merit, and the importance of immunity as an attribute of the States' sovereignty is such that a court should address that issue promptly once the State asserts its immunity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 n.4 (4th Cir. 2005). The Eleventh Amendment "pose[s] a bar to federal jurisdiction over suits" to which a state does not consent. *Alden v. Maine*, 527 U.S. 706, 730 (1999). Accordingly, the

---

[2] Defendants concede that Plaintiff has subject matter jurisdiction to bring this suit against Defendant Flaherty. (Defs. Mem. at 5.)

Eleventh Amendment prohibits Plaintiff from bringing a suit against the Commonwealth and, therefore, the Court recommends that Plaintiff's claims against the Commonwealth be DISMISSED for lack of subject matter jurisdiction.

2. Attorney General Cuccinelli

Plaintiff seeks relief against Defendant Cuccinelli in his official capacity for enforcing the law in violation of Plaintiff's constitutional rights. While the Eleventh Amendment provides for sovereign immunity, it "permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123, 157 (1908)). However, the state "officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157. To be barred from the Eleventh Amendment's immunity, there must be a "special relation between the state officer sued and the challenged statute." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001) (citing *Ex parte Young*, 209 U.S. at 157). "General authority to enforce laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Id.* (quoting *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) (internal quotation marks omitted); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) ("This requirement of proximity to and responsibility for the challenged state action is not met when an official merely possesses general authority to enforce the laws of the state.") (internal quotations and citations omitted).

Plaintiff alleges that Defendant Cuccinelli "is responsible for the administration and supervision of the laws of the Commonwealth." (Compl. at ¶ 17.) Such responsibility is the

"[g]eneral authority to enforce the laws of the state" and bears no special relation to the law that the Eleventh Amendment shields from suit. *See McBurney*, 616 F.3d at 401 (dismissing the Virginia Attorney General from suit on Eleventh Amendment immunity grounds when plaintiff failed to establish a special relation). Because Cuccinelli's general authority to enforce the laws bears no special relation to the law that Plaintiff challenges and Plaintiff alleges no relation, the Eleventh Amendment bars suit against Cuccinelli. Therefore, the Court recommends that Plaintiff's claims against Cuccinelli be DISMISSED for lack of subject matter jurisdiction.

    B.    Failure to State a Claim

        1. Plaintiff fails to state an *ex post facto* claim.

Plaintiff alleges that the revision of the Code of Virginia designating his offense as sexually violent and requiring life-long registration as a sex offender violates the prohibition against *ex post facto* laws found in Article I, § 10 of the Constitution and Article I, § 9 of the Virginia Constitution. (Compl. at ¶¶ 1-4.) Defendants move to dismiss on the basis that such a law, because it is not punitive in nature, does not violate the *Ex Post Facto* Clause of the Constitution. (Defs. Mem. at 6.)

The United States Constitution states that "[n]o State shall . . . pass any. . . *ex post facto* law." U.S. Cont. art 1, §10. The *Ex Post Facto* Clause "is aimed at laws that retroactively increase the punishment for criminal acts." *Ca. Dep't of Corr. v. Morales*, 514 U.S. 499, 505 (1995) (quoting *Collins v. Youngblood*, 497 U.S. 37, 41 (1990)). The Supreme Court has held that a state's sex offender registry law did not violate the *Ex Post Facto* Clause, because the non-punitive act "[made] a valid regulatory program effective and [did] not impose punitive restraints." *Smith v. Doe*, 538 U.S. 84, 105-06 (2003).

To resolve whether a law violates the *Ex Post Facto* Clause, a court must determine whether the legislature intended that the statute establish a civil proceeding or impose a punishment. *Id.*, at 92. "In deciding whether or not a law is penal, this Court has generally based its determination upon the purpose of the statute." *Trop v. Dulles*, 356 U.S. 86, 96 (1958). "[A] statute has been considered nonpenal if it imposes a disability, not to punish, but to accomplish some other legitimate governmental purpose." *Id.* "Because [courts] ordinarily defer to legislature's stated intent, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Smith*, 358 U.S. at 92.

The Fourth Circuit previously decided that Virginia's sex offender registry law does not violate the *Ex Post Facto* Clause. *Ballard v. FBI*, 102 F. App'x 828, 829 (4th Cir. 2004) (citing *Smith*, 538 U.S. at 105-06). The Virginia statute provides that its purpose is "to assist the efforts of law enforcement agencies and others to protect their communities and families from repeat sex offenders and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with children." Code of Virginia § 9.1-900. By stating the statute's purpose and "by placing the statute in Title 9.1 of the Virginia Code, which deals with Commonwealth public safety, rather than Title 18.2, which deals with crimes and offenses" the legislature made clear its intent that the statute is civil in nature, rather than punitive. *Ballard v. FBI*, 2004 WL 190425, at *3 (W.D. Va. Jan. 20, 2004), *aff'd*, 102 F. App'x 828, 2004 WL 1663844 (4th Cir. 2004).

Because Virginia's sex offender registry law operates for civil regulatory purposes, rather than for punishment purposes, the law does not violate the *Ex Post Facto* Clause.

Therefore, the Court recommends that Plaintiff's Article 1, Section 10 *ex post facto* claim be DISMISSED against all Defendants.

For similar reasons, Plaintiff's claim alleging a violation of the state *Ex Post Facto* Clause of the Virginia Constitution must also fail. Because "the sex offender registration requirement is not penal" and serves a valid regulatory purpose, the statute does not violate state constitutional prohibitions against *ex post facto* laws. *See Kitze v. Commonwealth*, 23 Va. App. 213, 217, 475 S.E.2d 830, 832 (1996) (finding that the precursor to the current version of the Virginia Statute does not violate the state's *Ex Post Facto* Clause). Therefore, the Court recommends that Plaintiff's state *ex post facto* claim be DISMISSED as well.

2. Plaintiff failed to plead a procedural due process claim.

Plaintiff alleges that his reclassification as a violent sex offender violates his right to procedural due process, because Virginia law "prohibits filing a petition for relief" on the basis that Plaintiff is not a dangerous pedophile. (Compl. at ¶¶ 3, 6.) Defendants move to dismiss on the basis that no right to additional procedural safeguard exists. (Defs. Mem. at 7.)

The Fourteenth Amendment prohibits a state from depriving individuals of life, liberty or property without a review of the decision to do so. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). However, the Supreme Court has decided that a plaintiff was not entitled to a hearing to establish whether plaintiff was currently dangerous, because such determination is not material to a sex offender registration law and would not impact whether plaintiff had to register under the statute. *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4, 7 (2003). Under the Virginia statute at issue, "[t]he fact of conviction leads to registration, and the plaintiff's desire to prove her innocuous nature does not address a relevant issue." *Doe v. Va. Dep't of State Police*, 2011 WL 2551014, at *10 (E.D. Va. June 27, 2011), *aff'd*, __F.3d__, 2013 WL 1496937 (4th Cir. Apr.

23, 2013); *see also McCabe v. Commonwealth*, 274 Va. 558, 567 (2007) ("Classification of a crime as a 'sexually violent offense' under the Virginia statute is based solely on the nature of the crime, not on a determination of current dangerousness.").

Because due process requires no additional procedures to establish Plaintiff's current level of dangerousness, as it is not relevant to Plaintiff's requirement to register under the statute, no due process violation took place. Therefore, the Court recommends that Plaintiff's procedural due process claim against all Defendants be DISMISSED.

3. Plaintiff fails to state a substantive due process claim.

Plaintiff contends that Defendants violated his right to substantive due process under the Fourteenth Amendment. (Compl. at ¶¶ 2-4, 8-9, 22.) First, Plaintiff alleges that Virginia's sex offender registry law violates his fundamental right to remain free from "false[] branding . . . as a convicted violent sex offender." (Compl. at ¶¶ 3, 11.) Plaintiff also claims that the statute amounts to arbitrary and irrational government action that shocks the conscience. (Compl. at ¶¶ 8-9.) Defendants move to dismiss on the grounds that Plaintiff failed to plead a violation of a recognized fundamental right and that Plaintiff's allegations fail to meet the requirement of shocking the conscience. (Defs. Mot. to Dis. at 7-8.)

   a. The Virginia statute does not violate Plaintiff's fundamental substantive due process rights.

Only interests that are "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty" are considered "fundamental rights." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Any law infringing upon a fundamental right must be "narrowly tailored to serve a compelling state interest." *Id.* "[I]njury to reputation by itself [is] not . . . protected under the Fourteenth Amendment." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). Likewise, "there is no constitutional right

14

to be free from stigma." *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 147 (4th Cir. 2009) (citing *Paul*, 424 U.S. at 706-710).

Plaintiff contends that the Virginia sex offender registry law violates his fundamental rights, because its enforcement "falsely brand[s] him as a convicted violent sex offender." (Compl. at ¶ 11.) Because no fundamental right exists to be free from being branded a violent sex offender and no fundamental right exists in an interest in one's reputation or ability to remain free from stigma, Plaintiff's alleged injury does not implicate a fundamental right under the Due Process Clause.

If the right is not fundamental, the law must merely "be rationally related to legitimate government interests." *Glucksberg*, 521 U.S. at 728; *Williamson v. Lee Optical*, 348 U.S. 483, 491 (1955). A plaintiff "attacking [a law's] rationality ha[s] the burden to negate every conceivable basis that might support it." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 309 (1993). The government's legislative purpose in mandating a sex offender registry is to "assist the efforts of law-enforcement agencies and others to protect communities and families from repeat sex offenders." Code of Virginia § 9.1-900. Further, to "respond[] to public concerns over the high recidivist rate with sex offenders after their release from custody, most states, including Virginia, enacted sex offender registration laws to keep track of offenders and to alert the community of their presence." *Vanderwall v. Commonwealth*, 2006 WL 6093879, at *7 (E.D. Va. Aug. 9, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 32-34 (2002)).

Plaintiff fails to meet his burden as to whether the registration requirement for those convicted of offenses reclassified as sexually violent is not rationally related to the state's interest. Further, "[n]othing about this legislative decision suggests a lack of a rational

to be free from stigma." *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 147 (4th Cir. 2009) (citing *Paul*, 424 U.S. at 706-710).

Plaintiff contends that the Virginia sex offender registry law violates his fundamental rights, because its enforcement "falsely brand[s] him as a convicted violent sex offender." (Compl. at ¶ 11.) Because no fundamental right exists to be free from being branded a violent sex offender and no fundamental right exists in an interest in one's reputation or ability to remain free from stigma, Plaintiff's alleged injury does not implicate a fundamental right under the Due Process Clause.

If the right is not fundamental, the law must merely "be rationally related to legitimate government interests." *Glucksberg*, 521 U.S. at 728; *Williamson v. Lee Optical*, 348 U.S. 483, 491 (1955). A plaintiff "attacking [a law's] rationality ha[s] the burden to negate every conceivable basis that might support it." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 309 (1993). The government's legislative purpose in mandating a sex offender registry is to "assist the efforts of law-enforcement agencies and others to protect communities and families from repeat sex offenders." Code of Virginia § 9.1-900. Further, to "respond[] to public concerns over the high recidivist rate with sex offenders after their release from custody, most states, including Virginia, enacted sex offender registration laws to keep track of offenders and to alert the community of their presence." *Vanderwall v. Commonwealth*, 2006 WL 6093879, at *7 (E.D. Va. Aug. 9, 2006) (citing *McKune v. Lile*, 536 U.S. 24, 32-34 (2002)).

Plaintiff fails to meet his burden as to whether the registration requirement for those convicted of offenses reclassified as sexually violent is not rationally related to the state's interest. Further, "[n]othing about this legislative decision suggests a lack of a rational

relationship between the Commonwealth's purpose and the registration" requirement. *Id.* Thus, Plaintiff's substantive due process claim must fail.

> b. The Virginia statute does not shock the conscience.

Plaintiff alleges that the amended statute reclassifying Plaintiff as a violent sex offender shocks the conscience. (Compl. at ¶ 8.) Defendant responds that that statute serves a justifiable purpose and, therefore, does not shock the conscience. (Defs. Mem. at 8.) The Due Process Clause provides protections to individuals from government actions "characterized as arbitrary, or conscience-shocking, in a constitutional sense." *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845-47 (1998). The protection "covers only state action which is 'so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 827 (4th Cir. 1997) (quoting *Rucker v. Harford Cnty.*, 946 F.2d 278, 281 (4th Cir. 1991)). Such conduct "must be not only 'wrong,' but egregiously so by reason of its abusive or oppressive purpose and its lack of justification by any government interest." *Hawkins v. Freeman*, 195 F.3d 732, 744 (4th Cir. 1999) (citing *Lewis*, 523 U.S. at 845-54).

The Supreme Court noted that sex offender registry laws aim to warn citizens about sex offenders, protect against repeat offenders and help in the arrest of those repeat offenders. *Conn. Dep't of Pub. Safety*, 538 U.S. at 4. Specifically, Virginia's sex offender registry law aims "to assist the efforts of law-enforcement agencies and others to protect their communities and families from repeat sex offenders and to protect children from becoming victims of criminal offenders by helping to prevent such individuals from being allowed to work directly with

children." Va. Code. § 9.1-900; *see also Va. Dep't of State Police*, 2011 WL 2551014, at *8 (finding no component of Virginia's sex offender registry scheme shocking to the conscience). Because the law serves specific, legitimate government interests, it is not arbitrary and does not shock the conscience. Thus, Plaintiff's substantive due process claim must fail on this basis as well. Accordingly, the Court recommends that Plaintiff's substantive due process claims be DISMISSED against all Defendants.

4. Plaintiff fails to allege an equal protection violation.

Plaintiff alleges that those convicted of previously "non-violent" sex offenses before the 1997 amendments suffer discrimination in violation of their right to equal protection. Specifically, Plaintiff claims that these sex offenders are "disproportionately impacted at all levels of the criminal justice system in Virginia. . . and are prohibited from filing a petition to the Circuit Courts and are less likely to have their petition for relief granted than other ex-felons." (Compl. at ¶ 5.) Defendants move to dismiss, contending that Plaintiff failed to allege a violation of the Equal Protection Clause, because sex offenders are not a protected class for purposes of equal protection. (Defs. Mem. at 10.)

The Fourteenth Amendment provides that "no state . . . shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "[T]o survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equality in Athletics v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011) (citing *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). If the plaintiff was treated differently than those similarly situated, but the differential treatment does not implicate a protected suspect class, the law must pass rational-

17

basis review. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (listing the protected suspect classes as race, religion or alienage).

Sex offenders are not recognized as a protected class. *Orfield v. Virginia*, 2012 WL 3561920, at *2 (E.D. Va. Aug. 16, 2012); *Vanderwall*, 2006 WL 6093879, at *7 n.13. Therefore, the law is valid if it bears a rational relation to a legitimate government interest. *Dukes*, 427 U.S. at 303. As discussed above, Virginia's sex offender registry law is rationally related to a legitimate state interest. *Vanderwall*, 2006 WL 6093879, at *7. Accordingly, Plaintiff fails to set forth an equal protection claim and the Court recommends that the claim be DISMISSED against all Defendants.

5. Plaintiff fails to state a claim for cruel and unusual punishment.

Plaintiff alleges that Defendants violated his Eighth Amendment protection against cruel and unusual punishment, because the amended statute "disallows any significant chance for violent sex offenders [the] right to file a petition for relief of registration or life time registration." (Compl. at ¶ 6.) Defendants respond that the sex offender registry does not serve a punitive purpose so as to implicate the Eighth Amendment. (Defs. Mot. to Dis. at 10-11.)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. While sanctions often serve more than one purpose, if a sanction cannot properly be viewed as punishment —at least "in part"— then it does not implicate the Eighth Amendment. *Id.* at 610. As previously discussed, the Supreme Court has recognized that sex offender registry requirements generally do not constitute punishment, but rather act as regulatory measures. *Smith*, 538 U.S. at 105-06. The Fourth Circuit has likewise recognized the nonpunitive nature of Virginia's sex offender registry law. *Ballard*, 102 F. App'x at 829 (citing *Smith*, 538 U.S. at 105-06). Since the law is nonpunitive, it cannot violate the Eighth

Amendment. Therefore, the Court recommends that Plaintiff's Eighth Amendment claim be DISMISSED against all Defendants.

Plaintiff's allegation that the Virginia statute violates the Virginia Constitution, which prohibits cruel and unusual punishments, must fail as well. Article I of the Virginia Constitution incorporates the same ban on cruel and unusual punishment set forth in the Eighth Amendment of the United States Constitution. *Solem v. Helm*, 463 U.S. 277, 285 n.10 (1983). The similarity of the federal and Virginia constitutional provisions has led Virginia courts to construe them identically. *See, e.g., Johnson v. Commonwealth*, 259 Va. 654, 672 (2000) (concluding that a statute that does not violate the Eighth Amendment does not violate "the parallel right secured by Article 1, Section 9 of the Constitution of Virginia"). Since Plaintiff fails to state a claim under the Eighth Amendment to the U.S. Constitution, he necessarily fails to assert a claim under the parallel provision in the Virginia Constitution. Therefore, the Court recommends that Plaintiff's claim under Virginia's Cruel and Unusual Punishment Clause be DISMISSED.

6. Plaintiff fails to state a cognizable Fourth Amendment claim.

Plaintiff makes several references to the Fourth Amendment in his complaint. (Compl. at ¶¶ 2, 4, 11, 14.) Though the Court endeavors to liberally construe Plaintiff's allegations, no facts set forth in the Complaint allege a cognizable violation of the Fourth Amendment's protections against unreasonable searches and seizures. Accordingly, the Court recommends that Plaintiff's Fourth Amendment claim be DISMISSED against all defendants.

C. Plaintiff's Motions for Injunctive Relief and Stay Registration

For the reasons set forth above, the Court recommends that this case be dismissed in its entirety. Therefore, the Court recommends that Plaintiff's Motion and Notice for Injunctive

Relief and to Stay *Ex Post Facto* and Sex Offender Re-Registration (ECF Nos. 3-4) be DENIED as moot, as no controversy would exist before the Court.

## VI. CONCLUSION

For the reasons stated above, it is the recommendation of this Court that Defendants' Motion to Dismiss (ECF No. 9) be GRANTED and that Plaintiff's motion for injunctive relief and to stay (ECF Nos. 3-4) be DENIED as moot.

Let the Clerk file this Report and Recommendation electronically and forward a copy to the Honorable Robert E. Payne, notify all counsel of record and send a copy to Plaintiff's address of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: April 29, 2013